KHOUZAM, Judge.
Steven and Esperanza Hatadis appeal the final summary judgment of foreclosure entered in favor of Achieva Credit Union, arguing that the trial court erred in finding that the Hatadises waived their right to a notice of default and thirty-day opportunity to cure when they entered into a forbearance agreement. Because we conclude that the Hatadises did not waive these rights, we reverse and remand for further proceedings.
In December 2006, the Hatadises took out a mortgage with Achieva. Paragraph twenty-two of the mortgage provided that prior to acceleration, Achieva was required to give the Hatadises notice of the default and thirty days to cure it.[1] A little over *258 two years after they began making payments on the mortgage, the Hatadises entered into a forbearance agreement with Achieva providing for interest-only payments for a six-month period (from June 1, 2009, to November 30, 2009).[2] Paragraph six of the forbearance agreement stated that the “[borrowers acknowledge that no further notice of default is necessary and any additional notice of default of this agreement is hereby waived.” The Hatad-ises successfully made the six reduced payments under this agreement and resumed making regular payments. But less than two years later, in October 2011, they received a letter from Achieva stating that they were in default, that their loan had been accelerated, and that the default must be cured immediately.[3]
*259 Achieva filed a foreclosure complaint against the Hatadises in December 2011. The Hatadises argued as an affirmative defense and later in their motions for summary judgment that Achieva had failed to comply with the specific requirements of paragraph twenty-two of the mortgage. Specifically, the Hatadises pointed out that paragraph twenty-two required Achieva to give them thirty days to cure the default before acceleration but that instead the October 2011 letter stated the loan had already been accelerated and the default needed to be cured immediately. The court denied Mr. Hatadis’s motion for summary judgment, determining that “paragraph 6 of the Forbearance Agreement signed by [Mr. Hatadis] waived the necessity for [Achieva] to comply with paragraph 22 of the mortgage concerning the default and acceleration notice.” Ultimately, the court granted summary judgment in Achieva’s favor, and the Hatadises filed this appeal challenging the circuit court’s determination that they waived their right to notice under paragraph twenty-two of the mortgage when they signed paragraph six of the forbearance agreement.
“When interpreting a contract, the court must first examine the plain language of the contract for evidence of the parties’ intent.” Murley v. Wiedamann, 25 So.3d 27, 29 (Fla. 2d DCA 2009). The goal in construing the contract language is to reach a reasonable interpretation of the entire agreement in order to accomplish its stated purpose and meaning. Id. “[W]here one interpretation of a contract would be absurd and another would be consistent with reason and probability, the contract should be interpreted in the rational manner.” BED Twenty-One Mgmt. Co. v. Delsordo, 127 So.3d 527, 530 (Fla. 4th DCA 2012).
Here, it is clear that the forbearance agreement, when examined in its entirety, was not intended to waive the Ha-tadises’ right to notice outside of the six-month period from June 1, 2009, to November 30, 2009. The agreement first states that the Hatadises requested interest-only payments for this six-month period and that Achieva was willing to give them this reduction in payments. In paragraph two, the agreement clarifies that the “parties agree that a forbearance period from June 1, 2009 [through] November 30, 2009 is appropriate.” Paragraph three sets the exact amount that the Hatadises were to pay “[d]uring the period of forbearance,” and paragraph four states that the Hatadises would resume their regular monthly payments “[u]pon expiration of this forbearance, on December 1, 2009.”
Considering these preceding paragraphs, it becomes clear that the waiver of notice found in paragraph six was only intended to apply during the six-month forbearance period. Indeed, the language of paragraph six at issue reflects just that: “Borrowers acknowledge that no further notice of default is necessary and any additional notice of default of this agreement is hereby waived.” (Emphasis added.) Paragraph six also states that “[a]ll other terms and conditions of the original Note and Mortgage remain in full force and effect other than the change in terms of *260 payment during the forbearance period as provided in this agreement.” Taken together, the two sentences in paragraph six indicate that once the forbearance agreement expired on December 1, 2009, Achieva was again required to provide notice of default under paragraph twenty-two of the mortgage. Moreover, the record shows that in response to the Hatadises’ request for admissions, Achieva admitted that the October 2011 letter was intended as notice pursuant to paragraph twenty-two of the mortgage. This admission belies Achieva’s position that no notice was necessary.
In sum, we conclude that the waiver of notice found in paragraph six of the forbearance agreement only applied during the six-month period of that agreement and no longer applied once it had been completed. To hold otherwise would allow the waiver found in the six-month forbearance agreement to apply for the remainder of the thirty-year mortgage; such an interpretation would be unreasonable. And though the trial court did not reach the question of whether Achieva’s October 2011 letter complied with paragraph twenty-two of the mortgage, we note that the Hatadises’ argument on this issue may have merit and should be addressed on remand. We reverse and remand for further proceedings consistent with this opinion.
Reversed and remanded for further proceedings.
WALLACE and SLEET, JJ., Concur.

. Specifically, paragraph twenty-two provided that prior to acceleration, the lender must give the borrower notice stating (a) the default; (b) the action required to cure the default; (c) a date within thirty days of the date the notice is given to the borrower by which *258 the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration, foreclosure, and sale ,of the property. The notice must also inform the borrower of the right to reinstate after acceleration as well as the right to assert defenses in the foreclosure proceedings, including the nonexistence of a default.

.The forbearance agreement provided, in relevant part, as follows:
WHEREAS, Borrower(s) request that [Achieva] provide for 6 interest only payments for the period from June 1, 2009 through November 30, 2009,
WHEREAS, [Achieva] is willing to give said reduction in monthly payments.
NOW THEREFORE, it is stipulated and agreed as follows:
1. Borrowers) admit that they owe [Achieva] the principal sum of $185,150.09, plus interest at the current rate of 6.00% on the indebtedness evidenced by the Note given by Borrower(s) to [Achieva] on December 26, 2006, and as secured by that certain Mortgage executed that same date providing a security interest in the real property described above, and states that they have no defenses, counterclaim or right of setoff as to said obligation and hereby waives any defenses, counterclaim or right of setoff.
2. The parties agree that a forbearance period from June 1, 2009 thru November 30, 2009 is appropriate.
3. During the period of forbearance Borrowers shall pay the sum of $926.00 per month beginning June 1, 2009 and on the 1st of each month thereafter through and including November 1, 2009; with the applicable interest as provided under the Note and Mortgage continuing to accrue on the outstanding balance.
4. Upon expiration of the forbearance, on December 1, 2009, Borrowers agree to pay the scheduled monthly payment of $1,146.00.
5. Time is of the essence in this matter and if any payments are not made timely as hereinabove described, [Achieva] may, at its option, commence legal proceedings against the subject real property and/or for a money judgment in a Court of competent jurisdiction.
6. All other terms and conditions of the original Note and Mortgage remain in full force and effect other than the change in terms of payment during the forbearance period as provided in this agreement. Furthermore, Borrowers acknowledge that no further notice of default is necessary and any additional notice of default of this agreement is hereby waived.

.The letter read, in relevant part, as follows:
Dear Mr & Mrs Hatadis:
As the owner and holder of your mortgage loan, Achieva Credit Union must inform you that you are in default under the terms of your mortgage contract. We have not received the installment payment that was due on JULY 1, 2011....
The reinstatement amount as of the date of this letter is: $3,775.99
The acceleration amount as of the date of this letter is: $207,808.79
If any additional installments come due before this breach of contract [is] corrected, the amounts will be added to this total. Achieva Credit Union has accelerated your loan due to your continued default. ACCORDING TO THE LOAN DOCUMENTS, THE DEFAULT MUST BE CURED IMMEDIATELY. ANY PAYMENT IS TO BE MADE BY EITHER A CASHIERS OR CERTIFIED CHECK for the full amount and mailed....
When the mortgage is accelerated, you have the following rights:
*259 • You have the right to reinstate the mortgage, solely in accordance with the terms and conditions set forth in the mortgage.
• You have the right to assert the nonexistence of a default, or to present any other defense you may have to acceleration and foreclosure.
• You have the right to contact any of the non-profit organizations approved by the Secretary of HUD for mortgage and homeowner counseling.